IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH FOREMAN, | ) | Case No. 3:17 CV 2512 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| WARDEN NEIL TURNER, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

This case is before the Court on Mr. Foreman's Motion for Relief from Judgment Pursuant to Rule 60(b)(3) and (4). (ECF #9). The motion seeks to alter Mr. Foreman's sentence by providing jail-time credit that he claims to be entitled to. This motion, although captioned as a motion under Fed. R.Civ.P. 60(b) is properly construed as a second or successive petition for relief under 28 U.S.C. §2254. Mr. Foreman previously filed two petitions requesting the same type of relief under §2254. The first was denied as procedurally defaulted. *See Foreman v. Maureen O'Connor*, Case No. 3:13 CV 883, 2013 WL 5209772 (N.D. Ohio Sept. 13, 2013)(Carr, J.). The second was dismissed because it was a second or successive motion and, the Court of Appeals had not given Mr. Foreman permission to file it, as is required under 28 U.S.C. §2255. Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

> convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See 28 U.S.C. § 2255(h).

Mr. Foreman did not pursue his request to file a second petition in the Court of Appeals and the petition was, therefore, dismissed for want of prosecution. (ECF #8). Months later, he file another petition seeking the same relief, but labeled as a Motion under Fed. R. Civ. P. 60(b). Mr. Foreman cannot avoid the requirements of §2255 by simply re-naming his petition as a 60(b) motion, and he has offered no legitimate grounds that would support a motion under Fed. R. Civ. P. 60(b). Because Mr. Foreman has failed to receive authorization from the Sixth Circuit to file this successive §2254 motion, the motion may not be reviewed by the Court at this juncture. Therefore, the Clerk of Court is directed to transfer Mr. Foreman's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

Donald C. Nugent
Senior United States District Judge

Date: May 1, 2020